█ In the Matter of HAROLD J. CARPENTER, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered January 22, 1971 in Kings County, which granted an application, in a proceeding under CPLR article 78, to annul a determination of the Administrative Board of the Judicial Conference classifying petitioner as Court Clerk II, and directing that he be reclassified as Court Clerk III. This appeal has been transferred from the Appellate Division, Second Department, pursuant to CPLR 5711. As a result of the "Classification Plan — Unified Court System — New York City" adopted by the Administrative Board of the Judicial Conference of the State of New York effective July 1, 1966, respondent was, as of that time, reclassified as a Court Clerk II. Prior to that date his title was that of Assistant Clerk in Charge of the Criminal Term Clerk's Office. His administrative appeal was denied and this appeal ensued. Special Term found that the functions and duties of petitioner's position came within the specifications of Court Clerk III and, therefore, annulled the determination of the board and reclassified petitioner as Court Clerk III. The test is what respondent did within the title of his former classification, as compared with the duties under the new classification without regard to the duties performed out of title (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56). As in *Matter of Tonns* v. *McCoy* (37 A D 2d 671), Special Term has not made an adequate comparison and analysis between respondent's duties and those in Court Clerk II and III. There are no real findings concerning what respondent's duties were, and it is thus not possible to determine whether respondent was performing in-title services which mandate a classification of Court Clerk III. Accordingly, the judgment should be reversed and the matter remanded to Special Term for further development of the record and for a decision by Special Term on the record as developed in accordance with this decision. Judgment reversed, on the law and the facts, and matter remanded to Supreme Court, Kings County, for further proceedings not inconsistent herewith, without costs. Reynolds, J. P., Staley, Jr., and Simons, JJ., concur; Greenblott and Sweeney, JJ., dissent, and vote to affirm, in the following memorandum: We agree with the majority that Special Term made no comparison between respondent's duties and the specifications of Court Clerk II. (*Matter of Strahl* v. *McCoy*, 37 A D 2d 667.) An examination of the record before us, however, reveals that his prior in-title services are sufficiently developed to permit a comparison and analysis thereof with the title specifications of Court Clerk II and Court Clerk III. The required minimum basis for review has, therefore, been met. (See *Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56, 61.) An examination of petitioner's in-title duties as developed in the record in this case and the title specifications of Court Clerk II and Court Clerk III leads us to conclude that the Administrative Board's determination was arbitrary and capricious. The record reveals petitioner was an Assistant Clerk in charge of the Criminal Term Clerk's office in Supreme Court, Kings County. He had supervision of a large and important term of Supreme Court. He performed highly responsible administrative and legal-technical duties and was in full charge of the clerk's office in the absence of the supervising clerk which was a continuing circumstance and more than temporary. The judgment should be affirmed, without costs.